**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re:<br><br>Diamond Comic Distributors, Inc., *et al.*,<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 25-10308 (DER)<br><br>(Jointly Administered) |
| Diamond Comic Distributors, Inc.,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ONI PRESS, INC.,<br><br>　　　　　　　　　　Defendant. | Adv. Proc. No. 25-_____ (DER) |

**DEBTOR DIAMOND COMIC DISTRIBUTORS, INC.'S
COMPLAINT TO DETERMINE THE VALIDITY, PRIORITY
OR EXTENT OF A LIEN OR OTHER INTEREST IN PROPERTY**

Diamond Comic Distributors, Inc. (the "**Debtor**"), by and through its undersigned counsel, as and for its complaint against ONI PRESS, INC. (the "**Defendant**"), alleges as follows:

**NATURE OF THE ACTION**

1.　　Debtor and Defendant are parties to a Supply Agreement dated as of September 18, 2013 and/or 2024 (as such agreement may have been modified or amended, the "**Agreement**"),

pursuant to which Defendant supplied goods to the Debtor on consignment within the meaning of section 9-102(a)(20) of the Maryland Commercial Code.  *See* Md. Code Ann. tit. 9, § 9-102(a)(20).

2.  As of the date of this Complaint, the Debtor is in possession of consigned inventory supplied by the Defendant (the "**Defendant Supplied Consigned Inventory**") as detailed on the spreadsheet attached hereto as **Exhibit A** and incorporated by reference herein.

3.  The Defendant did not perfect any interest in the Defendant Supplied Consigned Inventory by filing one or more UCC-1 Financing Statements with the Maryland Department of Assessments and Taxation or otherwise.

4.  Pursuant to section 544(a)(1) of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), as of the Petition Date (as defined below), and without regard to any knowledge of the Debtor or any of its creditors, the Debtor has the rights and powers of a creditor that extended credit to the Debtor as of the Petition Date, and that obtained, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists.  This right and power of the Debtor is often referred to as the rights and powers of a "Hypothetical Lien Creditor."

5.  As a result of its status as a Hypothetical Lien Creditor under section 544(a)(1) of the Bankruptcy Code and the Defendant's failure to perfect any interest in the Defendant Supplied Consigned Inventory, the Debtor has an interest in the Defendant Supplied Consigned Inventory superior to the interest of the Defendant pursuant to section 9-319(a) of the Maryland Commercial Code, Md. Code Ann. tit. 9, § 9-319, and section 544(a)(1) of the Bankruptcy Code, and the Debtor's interest in the Defendant Supplied Consigned Inventory is property of the Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code.

6. In addition, and separately, pursuant to section 544(a)(2) of the Bankruptcy Code, the Debtor has the rights and powers of a creditor that extended credit to the Debtor as of the commencement of the Debtor's bankruptcy case and that has obtained, at such time and with respect to such credit, an execution against the Debtor that is returned and unsatisfied at such time, whether or not such a creditor exists. These rights and powers are hereinafter referred to as the rights and powers of a "Unsatisfied Execution Creditor."

7. By this Complaint, the Debtor seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) and Rule 7001(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), that (a) it has an interest in the Defendant Supplied Consigned Inventory superior to the interest of the Defendant, (b) the Debtor's interest in the Defendant Supplied Consigned Inventory constitute property of the Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code, and (c) the Debtors can sell or otherwise dispose of the Defendant Supplied Consigned Inventory pursuant to Bankruptcy Code section 363(b), without regard to the terms and conditions of the Agreement, free and clear of any alleged interest in the Defendant Supplied Consigned Inventory held or asserted by the Defendant pursuant to Bankruptcy Code section 363(f).

## PARTIES

8. On January 14, 2025 (the "**Petition Date**"), the Debtor commenced the above-captioned case in the United States Bankruptcy Court for the District of Maryland (the "**Court**").

9. No trustee has been appointed in the Debtor's chapter 11 case and the Debtor continues to operate its businesses and manage its properties as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. Accordingly, the Debtor has the authority to file and prosecute the claims set forth in this Complaint.

56232350.1

10. The Defendant is an Oregon corporation with its principal place of business located at 1319 SE MLK Jr Blvd STE 216, Portland, Oregon 97214.

## JURISDICTION AND VENUE

11. The Court has jurisdiction over the Debtor's claims pursuant to 28 U.S.C. §§ 157(a) and 1334(a).

12. The Debtor's claims are core proceedings within the meaning of 28 U.S.C. § 157(b) and the Court may enter final orders herein.

13. Pursuant to Rules 7008 and 7012(b) of the Federal Rules of Bankruptcy Procedure and Local Rule 7012-1 the Debtor consents to the entry of final orders or judgments by the Court.

14. Venue of the Debtor's claims in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BACKGROUND

I. **The Debtor's Business and Sale to Sparkle Pop, LLC.**

15. As of the Petition Date, the Debtor, together with its related debtors (collectively, the "**Debtors**"), were leading distributors of comics, graphic novels, toys, games and other pop culture related merchandise to retailers across the world. The Debtors sold product to various end users, through three sales channels: (i) mass market retailers, including Walmart, Target, and Amazon, (ii) specialty stores, such as comic book shops and collectible stores that focus on graphic novels, statues, and toys, and (iii) bookstores, including Barnes & Noble. The Debtors distributed products to over 4,000 mass market retail stores and over 2,500 comic book and collectible stores.

16. Most of the Debtor's products were purchased by the Debtor from vendors and placed into the Debtor's inventory until sold to customers. Other inventory was provided to the Debtor on consignment with the Debtor pursuant to various distribution or similar agreements.

56232350.1

17. All of the Debtor's inventory of consigned goods is stored in a distribution facility located in Olive Branch, Mississippi (the "**Distribution Facility**").

18. On May 1, 2025, the Court entered an order approving the sale of certain of the Debtor's assets to Sparkle Pop LLC ("**Sparkle Pop**") (D.I. 408). The sale to Sparkle Pop closed on May 16, 2025 (the "**Closing Date**"). The sale to Sparkle Pop did not include any of the Debtor's consigned goods inventory.

19. As of the Closing Date, the Debtor turned over control of the Distribution Facility to Sparkle Pop but maintained control and access to its consigned goods inventory pursuant to a Transition Services Agreement with Sparkle Pop dated as of May 15, 2025 (the "**TSA**").

**II.   The Debtor's Relationship with the Defendant and Its Superior Interest in the Defendant Supplied Consigned Inventory.**

20. Prior to the Petition Date, the Debtor and Defendant entered into the Agreement, pursuant to which Defendant supplied goods to the Debtor on consignment within the meaning of section 9-102(a)(20) of the Maryland Commercial Code. *See* Md. Code Ann. tit. 9, § 9-102(a)(20).

21. As of the date of this Complaint, the Defendant Supplied Consigned Inventory is located at the Distribution Facility and remains under the Debtor's possession, custody and control.

22. The Defendant did not perfect any interest in the Consigned Goods by filing one or more UCC-1 Financing Statements with the Maryland Department of Assessments and Taxation or otherwise.

23. Pursuant to section 9-319(a) of the Maryland Commercial Code:

> . . . for purposes of determining the rights of creditors of . . . a consignee, while the goods are in the possession of the consignee, the consignee is deemed to have rights and title to the goods identical to those the consignor had or had power to transfer.

Md. Code Ann. tit. 9, § 9-319(a).

24. As between a consignee's creditors and unperfected consignors, so long as the consignee remains in possession of the consigned inventory, the consignee's creditors have superior rights to those of the unperfected consignors.

25. In this case, the "creditor" referenced in section 9-319 of the Maryland Commercial Code is the Debtor, which is automatically afforded the rights and powers of a Hypothetical Lien Creditor and those of an Unsatisfied Execution Creditor, as of the Petition Date, pursuant to section 544(a) of the Bankruptcy Code.

26. Section 544(a)(1) of the Bankruptcy Code provides that, a debtor in possession has: "as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of . . . (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists." 11 U.S.C. § 544(a)(1).

27. Section 544(a)(2) of the Bankruptcy Code provides that a debtor in possession has "as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of . . . (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned and unsatisfied at such time, whether or not such a creditor exists". 11 U.S.C. § 544(a)(2)

28. Because the Debtor has the status of a Hypothetical Lien Creditor and an Unsatisfied Execution Creditor under sections 544(a) and 1107(a) of the Bankruptcy Code, it has the same rights and powers a creditor of the Debtor would have outside of bankruptcy.

29. By operation of section 9-319(a) of the Maryland Commercial Code and sections 544(a)(1) and 544(a)(2) of the Bankruptcy Code, the Debtor has an interest in the Defendant Supplied Consigned Inventory.

30. Because the Defendant did not file a UCC-1 financing statement to perfect its interest in the Defendant Supplied Consigned Inventory, upon the filing of its chapter 11 case, the Debtor, as a debtor in possession, obtained the rights and powers of a Hypothetical Lien Creditor and of an Unsatisfied Execution Creditor pursuant to section 544(a) and thus has an interest in the Defendant Supplied Consigned Inventory superior to the interest, if any, the Defendant has in the Defendant Supplied Consigned Inventory.

31. The Debtor's interest in the Defendant Supplied Consigned Inventory is property of the estate pursuant to section 541 of the Bankruptcy Code.

32. Pursuant to section 363(p)(2) of the Bankruptcy Code, the Defendant has the burden of proving its interest in the Defendant Supplied Consigned Inventory.

33. Section 363(b) of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Section 363(f) of the Bankruptcy Code, authorizes a debtor to sell assets free and clear of liens, claims, interests and encumbrances if:

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is a bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

34. Because the Debtor's interest in the Defendant Supplied Consigned Inventory is property of the Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code,

subject to approval of the Court, the Debtor may sell or otherwise dispose of the Defendant Supplied Consigned Inventory pursuant to section 363(b) of the Bankruptcy Code.

35. The Debtor may sell the Defendant Supplied Consigned Inventory free and clear of the Defendant's interest, if any, pursuant to sections 363(f)(1), (4) or (5) of the Bankruptcy Code.

36. A Court determination of the validity, priority or extent of liens, claims, encumbrances, or interests in the Defendant Supplied Consigned Inventory is necessary for the Debtor to sell or dispose of the Defendant Supplied Consigned Inventory so that (a) the proceeds of any such sale or disposition can be appropriately distributed; and (b) title to the Defendant Supplied Consigned Inventory can be conveyed to any ultimate purchasers or acquirors free and clear of all liens, claims, encumbrances and interests.

## COUNT I
### Declaratory Relief Requested Pursuant to 28 U.S.C. §2201(a) and Federal Rule of Bankruptcy Procedure 7001(b)

37. The Debtor hereby repeats and incorporates paragraphs 1 through 34 of the Complaint.

38. The Debtor requests that the Court declare that:

    a. The Debtor has an interest in the Defendant Supplied Consigned Inventory superior to the interest of the Defendant;

    b. The Debtor's interest in the Defendant Supplied Consigned Inventory constitutes property of the Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code, and

    c. The Debtor can sell or otherwise dispose of the Defendant Supplied Consigned Inventory pursuant to Bankruptcy Code section 363(b), without regard to the Agreement, free and clear of any liens, claims, encumbrances and interests in the Defendant

56232350.1

Supplied Consigned Inventory held or asserted by the Defendant pursuant to Bankruptcy Code section 363(f).

WHEREFORE, the Debtor request that the Court enter a declaratory judgment in its favor and against the Defendant as set forth above and grant the Debtor such further relief as is just and proper.

Dated:  September 9, 2025                    **SAUL EWING LLP**

By: */s/ Jordan D. Rosenfeld*
Jordan D. Rosenfeld (MD Bar No. 13694)
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Telephone: (410) 332-8600
Email: jordan.rosenfeld@saul.com

-and-

Jeffrey C. Hampton (admitted *pro hac vice*)
Adam H. Isenberg (admitted *pro hac vice*)
Turner N. Falk (admitted *pro hac vice*)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
Email: jeffrey.hampton@saul.com
       adam.isenberg@saul.com
       turner.falk@saul.com

-and-

Mark Minuti (admitted *pro hac vice*)
Paige N. Topper (admitted *pro hac vice*)
Nicholas Smargiassi (admitted *pro hac vice*)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Email: mark.minuti@saul.com
       paige.topper@saul.com
       nicholas.smargiassi@saul.com
*Counsel for Debtor*

56232350.1